NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL-FREEMAN MATEEN SHABAZZ,<br><br>*Plaintiff,*<br><br>v.<br><br>BRIAN T. STEVENS, et al.,<br><br>*Defendants.* | Civil Action No. 18-2088<br>(JMV) (CLW)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Abdul-Freeman Mateen Shabazz seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's papers liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's Complaint[1] purports to be a notice of a "FEDERAL COMMON LAW LIEN, NOTICE OF FEDERAL COMMERICAL LAW LEIN AND WRIT OF ATTACHMENT ON REAL AND PERSONAL PROPERTY," which "is now in effect on personal property. . .located in Union County, State of New Jersey, and commonly known as a 2017 MERCEDES BENZ E-300W4, 4 door sedan, silver. . . ." D.E. 1 at 1. Plaintiff further states that this writ of attachment is in the amount of $75,000. *Id.*

A writ of attachment is primarily used to "acquire jurisdiction over an out-of-state defendant to the extent of the defendant's property located in the state, or to gain security for a claim pending as of the time of attachment." *Sentry Ins. V. Sky Mgmt., Inc.*, 34 F. Supp. 2d 900, 903 (D.N.J. 1999). Federal Rule of Civil Procedure 64 permits the remedy of attachment when it is "available under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed. R. Civ. P. 64. In New Jersey,[2] a writ of attachment shall be granted only if a plaintiff demonstrates that "(1) there is a probability that final judgment must be rendered in favor of the plaintiff; (2) there are statutory grounds for issuance of the writ; and (3) there is real or personal property of the defendant at a specific location within [New Jersey] which is subject to attachment." *Manley Toys, Ltd. V. Toys "R" Us, Inc.*, 2013 WL 5477139, at *6 (D.N.J. Sep. 30, 2013) (citing N.J. Ct. R. 4:60-5).

Here, Plaintiff asserts that "[t]his Federal at Law Lien, in the form of a Writ of Attachment, shall be valid. . . ." However, he does not offer any specific facts to support a finding that he meets

---

[1] The document is actually entitled "Public Notice," but the Court construes it as a complaint for purposes of conducting the required screening.

[2] While Plaintiff asserts that he is bringing a "federal" lien, he does not indicate which federal law he is invoking. Thus, if Plaintiff means to assert a federal law as the basis for his writ, he must so specify in his amended complaint.

any of the three elements required under New Jersey law. In addition, the attached exhibits, D.E. 2, are difficult to comprehend, and the Court cannot determine Plaintiff's actual factual allegations.

Plaintiff *may* also be asserting claims of fraud. For example, Plaintiff indicates that Defendants allegedly "conspired to commit fraud against [Plaintiff] by sending billing statements and notices of defaults to [Plaintiff's] domicile soliciting fiat currency when Defendants were sent initial presentments citing HJR 192 Public Law 78-10 requesting proof that gold and silver were put back into circulation in the United States to back the US Dollar." D.E. 2 at 2 ¶ 5. These claims, however, are unclear. Plaintiff does not offer any facts as to the circumstances surrounding a contract between the parties, nor does Plaintiff include said contract. He merely attaches documents that he created and got notarized. Moreover, Plaintiff does not include any specific facts about the alleged debt owed to Plaintiff. As such, Plaintiff's allegations fall short of pleading a plausible cause of action.

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly state his allegations.

Accordingly, for the foregoing reasons, and for good cause shown,

IT IS on this 16th day of May, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Abdul-Freeman Mateen Shabazz's application to proceed *in forma pauperis* is **GRANTED**; and it is further

4

**ORDERED** that the Clerk of the Court is directed to file the Complaint, D.E. 1, without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is otherwise **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. If the matter is dismissed with prejudiced, Plaintiff will not be able to sue the Defendant(s) in the future based on the allegations in the Complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.